NOT FOR PUBLICATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

—————————————————————————— :
DONNIE PRATOLA,                      :
                                     : Civil Action No. 14-119 (RMB)
                 Petitioner,         :
                                     :
          v.                         : **MEMORANDUM OPINION AND ORDER**
                                     :
SOUTHERN STATE                       :
CORRECTIONAL FACILITY, et al.,       :
                                     :
                 Respondents.        :
—————————————————————————— :

**BUMB**, District Judge:

This matter comes before the Court upon the submission of:
(a) two Petitioner's amended pleadings, <u>see</u> Docket Entries Nos. 5
and 12; (b) Petitioner's application to proceed in this matter <u>in
forma pauperis</u>, <u>see</u> Docket Entry No. 4; and (c) Petitioner's
numerous applications, motions and letters docketed as Docket
Entries Nos. 3, 5, 6, 7, 8, 9, 13 and 14.

Petitioner is a state prisoner confined at the Southern
State Correctional Facility, Delmont, New Jersey; he is serving,
<u>inter alia</u>, a life sentence.[1]  <u>See id.</u>  On December 18, 2013, the
Clerk received Petitioner's submission styled as a § 2241
petition ("Original Petition"); that submission gave rise to

---

[1]  The New Jersey Department of Corrections website shows
that Petitioner is serving numerous sentences (with the life term
being the longest) for two groups of offenses, one committed on
June 10, 1982, and another committed on May 18, 1981.  <u>See</u>
https://www6.state.nj.us/DOC_Inmate/details?x=1005387&n=0.

<u>Pratola v. Southern State Corr. Facility</u>, Civil Action No. 13-
7628.  The Original Petition asserted that Petitioner had six
parole hearings between 1999 and 2012, and the New Jersey Parole
Board declined to release him on parole after each hearing.  <u>See</u>
<u>id.</u>, Docket Entry No. 1, at 1-2.  In response, Petitioner filed
his Original Petition demanding immediate release and maintaining
that his rights must have been violated by the aforesaid denials
of parole in light of the fact that the minimum parole
ineligibility period applicable, under the state law, to life
sentences, is shorter than the term Petitioner has served thus
far.  <u>See</u> <u>id.</u> at 2-4.

    This Court screened the Original Petition under Habeas Rule
4,[2] <u>see</u> <u>id.</u>, Docket Entry No. 2, and explained to Petitioner that
the Court was without § 2241 jurisdiction to entertain his
challenges, regardless of their procedural/substantive merits or
deficiencies, since Section 2241 "confer[ed] habeas jurisdiction
to hear the petition of a federal prisoner," <u>Woodall v. Fed.</u>
<u>Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005) (citing <u>Coady</u>
<u>v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001), while § 2254

---

[2]  Habeas Rule 4 requires the court to <u>sua</u> <u>sponte</u> screen and
dismiss a habeas petition without ordering a responsive pleading
"[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief."  28
U.S.C. § 2254 Rule 4, applicable to Section 2241 actions through
Habeas Rule 1(b).  "Federal courts are authorized to dismiss
summarily any habeas petition that appears legally insufficient
on its face."  <u>McFarland v. Scott</u>, 512 U.S. 849, 856, 114 S. Ct.
2568, 129 L. Ed. 2d 666 (1994).

conferred jurisdiction to entertain habeas petitions filed by persons "in custody pursuant to the judgment of a State court." Id. at 2-3 (quoting 28 U.S.C. § 2254(b)).

To enable Petitioner's proper litigation of his habeas claims, if any, this Court directed the Clerk to commence the instant § 2254 habeas matter for Petitioner.  In conjunction with the same, this Court explained to Petitioner a few threshold requirements associated with a § 2254 action.  See Pratola, Civil Action No. 13-7628, Docket Entry No. 2.  For instance, this Court pointed out that a § 2254 petition must be timely within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that the litigant must be in custody under the very order he is challenging at the time he files his § 2254 petition attacking that order, and that his claims must be duly exhausted in the state forum.  See id. at 3-4.  Since the sole challenge Petitioner could, seemingly, raise in light of these requirements was "a timely, duly exhausted § 2254 attack on his [latest, i.e.,] May 29, 2012, parole hearing that imposed his denial-of-parole term currently operable," id. at 4, this Court allowed him an opportunity to elaborate on his challenges to that order.  Toward that end, this Court granted Petitioner an opportunity to file an amended § 2254 petition "detail[ing] the timeliness, exhaustion and substance of his challenge."  Id. at 4-6.

In response, Petitioner filed:

(a)   a letter expressing his displeasure with the Appellate

      Division's July 2013 proceeding; see Instant Action, Docket

      Entry No. 3;

(b)   an application maintaining that this Court erred in its

      finding that Petitioner's challenges could not be raised

      under § 2241,[3] but nonetheless asserting, as an alternative

      jurisdictional basis, 28 U.S.C. § 1361;[4] see Instant Action,

      Docket Entry No. 5;

_____

      [3]  In support of his position that this Court erred in its
jurisdictional finding, Petitioner cited 28 U.S.C. 2241(c)(3).
However, § 2241(c)(3) confers jurisdiction to entertain habeas
claims of a *federal* prisoner maintaining that he "is in custody
in violation of the Constitution or laws or treaties of the
United States," and has no relation to Petitioner, who is
confined pursuant to a *state* order of conviction and a *state*
order denying him parole.

      [4]  Petitioner's reliance on § 1361 is a facial non sequitur.
Under the All Writs Act, a federal court has jurisdiction to
issue a writ of mandamus only "in aid of" its jurisdiction.  28
U.S.C. § 1651(a).  Moreover, to be eligible for mandamus relief
under 28 U.S.C. § 1361, a party must satisfy three conditions.
First, the party seeking issuance of a writ must demonstrate that
he has "no other adequate means to attain the relief he desires."
Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004)
(internal citation omitted).  Next, he must carry the burden of
showing that "his right to the issuance of the writ is clear and
indisputable."  Id. at 381 (internal citations omitted).
Finally, "the issuing court . . . must be satisfied that the writ
is appropriate under the circumstances."  Id.  Here, Petitioner
is availed to alternative means to seek the relief he desires: by
proceeding with a proper § 2254 habeas action.  In addition, he
failed to establish, thus far, that he is entitled any relief.
Hence, his right to relief cannot be clear and indisputable.
Finally, no statement in Petitioner's voluminous filings
indicates that a mandamus writ is an appropriate remedy.

4

(c) a motion seeking production of "the complete file of the New
    Jersey state Parole Board and the Department of Corrections
    [for Petitioner's] inspection [of what he believes to be]
    the defects that cause[d] [Petitioner's] constitutional
    rights to be violated [during] these past 18 years since
    February 21, 1996"; see Instant Action, Docket Entry No. 6;[5]

(d) a letter expressing Petitioner's displeasure with this
    Court's obligation not to direct responsive pleading unless
    Petitioner's challenges pass muster under Habeas Rule 4; see
    Docket Entry No. 7;

(e) a memorandum repeating Petitioner's challenges raised in the
    Original Petition, citing a certain state decision that
    reversed a Parole Board's order denying parole to a certain
    inmate, quoting a psychologist's alleged statement to
    Petitioner and asserting that Petitioner was entitled to be

---

[5] Petitioner's motion, to the extent it could be construed
as an application to expand the record with regard to his latest
parole hearing, is without merit. The court sitting in habeas
review is limited to consideration of the record that was before
the state court which adjudicated the claim on the merits and,
thus, cannot expand the record. See Cullen v. Pinholster, 131 S.
Ct. 1388, 1398-1401 (2011). To the extent Petitioner's motion
could be construed as an application seeking production of
documents as to any other issue, e.g., Petitioner's prior parole
hearings, such application is barred by: (a) the in-custody
requirement (since the prior hearings have no relation to the
order underlying Petitioner's current confinement); and, also (b)
Habeas Rule 2(e), pursuant to which a litigant cannot challenge
different determinations in a single habeas petition. See 28
U.S.C. § 2254 Rule 2(e) (applicable to § 2241 through Rule 1(b)).

immediately released because "[t]he Parole Act of 1979

create[d a] sufficient expectancy of parole eligibility";

<u>see</u> Instant Action, Docket Entry No. 8;[6] and

(f)   a motion reiterating, again, the challenges raised in the

Original Petition and requesting leave to pursue an

interlocutory appeal; <u>see</u> Instant Action, Docket Entry No.

9.[7]

---

[6]   While states may create a protected-by-the-Due-Process-Clause inmate's entitlement in a parole *hearing*, the law does not recognize a "constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). Thus, a state's parole board's decision to deny parole cannot impinge on any procedural due process interests. <u>See</u>, <u>e.g.</u>, <u>Stephens v. Chairman of Pa. Bd. of Prob. & Parole</u>, 173 F. App'x 963, 965 (3d Cir. 2006) (explaining that the United States Supreme Court has held that "an expectation of release on parole is not a constitutionally protected liberty interest") and quoting <u>Jago v. Van Curen</u>, 454 U.S. 14 (1981). Here, Petitioner's numerous submissions establish that Petitioner was indeed provided with many parole *hearings*, although the outcomes of those hearings were not to his liking. However, his displeasure with those outcomes cannot implicate any federal constitutional right. <u>See</u> <u>id.</u>

[7]   The appropriate standard for an order granting permission for an interlocutory appeal is whether: (a) the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion"; and (b) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, there is no difference of opinion that a § 2254 habeas challenge must be timely, duly exhausted and raised by a litigant who is in custody under the order he is attacking. Since this Court's prior order reached solely that conclusion, and an immediate appeal from that order could not advance the ultimate termination of this litigation, and since Petitioner's claims appear deficient, as detailed <u>infra</u>, Petitioner's motion seeking an interlocutory appeal was facially meritless.

On June 2, 2014, in light of Petitioner's "numerous letters and motions," this Court directed the Clerk to "restore this matter to this Court's active docket."  Instant Action, Docket Entry No. 10.

During the two weeks that followed, Petitioner filed:

(a)   a letter complaining that Respondent filed no responsive pleading,[8] and seeking appointment of a federal public defender to represent Petitioner in this matter;[9] see Instant Action, Docket Entry No. 11;

---

[8]   There is no compulsory service in habeas matters and, a fortiori, no compulsory obligation to answer: such obligations could be given rise only by a judicial order.  See 28 U.S.C. § 2243 (federal district courts have a pre-service duty to screen and summarily dismiss petitions showing that the petitioners are not entitled to relief); see also Habeas Rule 4 (same); accord Saunders v. Taylor, 1997 U.S. Dist. LEXIS 3320 (D. Del. Feb. 27, 1997) (motion for default judgment is unavailable in habeas corpus proceedings).

[9]   Litigants do not have a constitutional right to counsel in habeas proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254.  Moreover, while 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require," the Court of Appeals explained that in determining whether counsel should be appointed depends on whether "the petitioner has presented a nonfrivolous claim" and "the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Id. at 263-64.  Here, an appointment of counsel is unwarranted since Petitioner's claims are straightforward and, as detailed infra, appear deficient.

7

(b)   another motion to amend the Original Petition, this time
      reflecting on the events of his 2002 parole hearing long
      superceded by his following parole hearings, including the
      latest hearing in 2012; <u>see</u> Instant Action, Docket Entry No.
      12;

(C)   a letter requesting discovery and oral arguments, and
      stating Petitioner's belief that "the New Jersey State
      Parole Board [was] caught [by him] using fabricated evidence
      from October 1, 2002[,] until 2007";[10] Instant Action,
      Docket Entry No. 13; and

(d)   a letter expressing Petitioner's displeasure with the lack
      of this Court's ruling on his motions seeking discovery and
      to amend his Original Petition, as well as with Petitioner
      "never receiv[ing] any confirmation of counsel being
      appointed by the [S]tate to contest [P]etitioner's
      applications."  Instant Action, Docket Entry No. 14.

      One month later, Petitioner supplemented the foregoing chain
of motions, letters and applications with two more letters.  One

---

      [10]   Since the undisclosed and allegedly fabricated evidence
to which Petitioner referred was not used in parole hearings that
took place after 2007, and was not a basis for the determination
reached by the Parole Board upon Petitioner's latest parole
hearing in 2012 (that resulted in the denial-of-parole order
underlying Petitioner's current confinement), the alleged falsity
of this evidence, even if true, appears wholly irrelevant to
Petitioner's claims attacking the order for the purposes of which
he can, seemingly, satisfy the "in-custody" requirement.

was addressed to this Court and demanded "speedy release" on the
grounds of Petitioner's impression that "[t]he record should
reflect that the Essex County Prosecutor[']s Office, along with
the New Jersey State Parole Board[,] are caught fabricating
evidence on October 1, 2002, with evidence to restrain
[P]etitioner. . . . [P]etitioner asks that Summary Judgment be
granted, because very certainly the case against the prosecution,
who is most likely responsible for this miscarriage/travesty of
justice, be held accountable for their actions."  Instant Action,
Docket Entry No. 14, at 1-2 (capitalization, grammar and
punctuation in original).[11]  The other letter was addressed to

---

    [11]  The sole appropriate Respondent in a habeas matter
commenced by a litigant challenging his current custody is that
litigant's warden, not a prosecutor who prosecuted the litigant's
case more than three decades ago.  See Rumsfeld v. Padilla, 542
U.S. 426, 434-35 (2004)(the petitioner's immediate custodian is
the sole appropriate respondent).  Moreover, a motion for summary
judgment is a device of the Federal Rules of Civil Procedure,
governing civil rather than habeas matters, where the precedence
is taken by the Habeas Rules.  Correspondingly, summary judgment
might be appropriate "in a habeas case, [but only if] the
pleadings, depositions, answers to interrogatories and admissions
on file, together with the affidavits, if any, show that there is
no genuine issue as to any material fact and that the moving
party is entitled to judgment as a matter of law.'"  Wilson v.
Beard, 2006 U.S. Dist. LEXIS 56115, at *11, n. 3 (E.D. Pa. Aug.
9, 2006) (quoting Forman v. Cathel, 2006 U.S. Dist. LEXIS 18137
(D.N.J. March 23, 2006), and Fed. R. Civ. P. 56(c)).  Here, there
was no answer, no depositions, no record and no file: all this
Court was presented with were Petitioner's bald assertions as to
unspecified falsified evidence that produced a 2002 denial of
parole order long superceded by the chain of later denial of
parole orders which, in turn, were superceded by Petitioner's
currently-operating 2012 denial of parole order.

the Hon. Jerome B. Simandle, the Chief Judge ("Judge Simandle"),
see Instant Action, Docket Entry No. 15, and requested Judge
Simandle's intervention in the instant matter upon: (a) asserting
that Petitioner's claims were left unaddressed by this Court for
nine months;[12] and (b) stating Petitioner's belief that a certain
court rule required this Court's ruling on his habeas challenges
"within 30 days of [his] filing [of the] petition."[13]   See id. at
1-2.

       Petitioner's submissions indicate his confusion as to the
jurisdictional, procedural and substantive requirements
associated with § 2254 habeas review.   As this Court already
explained in its prior decision, in order for this Court to have
jurisdiction over Petitioner's parole challenges, Petitioner must
challenge the denial-of-parole order underlying his current
confinement, not a prior denial-of-parole order that has been
superceded by the currently operating order.   See Maleng v. Cook,

_____

       [12]  Petitioner's Original Petition was filed in the
currently terminated § 2241 matter (Pratola v. Southern State
Corr. Facility, Civil Action No. 13-7628).   That filing was
executed less than nine months ago, and the Original Petition was
dismissed for lack of jurisdiction on January 8, 2014, with
guidance as to what the content of his amended pleading should
be. Subsequently, the instant § 2254 matter was commenced.   Judge
Simandle declined Petitioner's invitation to intervene in this
matter, and pointed out that the pleading in Pratola v. Southern
State Corr. Facility, Civil Action No. 13-7628, was screened, and
the case was terminated. See Instant Matter, Docket Entry No. 16.

       [13]  This Court is not aware of any such court rule.

                                10

490 U.S. 488, 490-92 (1989) (<u>per</u> <u>curiam</u>) (a habeas petitioner cannot remain "'in custody' under [an order that] has fully expired"); <u>Dessus v. Commonwealth of Penn.</u>, 452 F.2d 557, 559-60 (3d Cir. 1971), <u>cert.</u> <u>denied</u>, 409 U.S. 853 (1972) ("[C]ustody is the passport to federal habeas corpus jurisdiction"). Since that currently operable denial-of-parole order appears to be the 2012 order, Petitioner's parole challenges must be limited to that order, and that order only.

Next, Petitioner's challenges must be duly exhausted. While Petitioner's submissions made a few references to a 2013 proceeding before the Appellate Division, it is unclear whether Petitioner, being dissatisfied with the Appellate Division's ruling, sought certification from the Supreme Court of New Jersey. In the event Petitioner failed to seek certification, his challenges cannot qualify as properly exhausted, even if the chances that the New Jersey Supreme Court would certify his petition for certification and grant him the requested relief are small. If his challenges to his currently-operable denial-of-parole order are  unexhausted, they are subject to dismissal without prejudice unless Petitioner establishes a valid excuse from the exhaustion requirement.[14]

---

[14]  In determining whether state court review is available, this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" Petitioner's federal claims.  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 516 (3d Cir. 1997),

In addition, even if Petitioner duly exhausted his challenges to the denial-of-parole order underlying his current confinement, his claims raised in the instant matter must: (a) be timely (_i.e._, his Original Petition had to be filed within one year from the date when his AEDPA period was triggered); and, in addition, (b) present challenges "substantially equivalent" to the claims asserted by Petitioner in the state forum.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004) (the claims a litigant presents in the state courts must be substantially the same claim he asks the federal courts to review).[15]

---

cert. denied, 532 U.S. 919 (2001).  "[U]unless [an actual] state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for non-exhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim."  Id. at 517.  For example, the petitioner in Toulson v. Beyer, 987 F.2d 984, was a New Jersey prisoner who filed a § 2254 petition challenging his conviction on five grounds.  The Appellate Division had affirmed his conviction on all five grounds, and the New Jersey Supreme Court had denied his petition for certification, which raised only two grounds.  The Court of Appeals ruled that Toulson's petition had to be dismissed without prejudice for failure to exhaust "[b]ecause no state court has concluded that [he] is procedurally barred from raising his [three] unexhausted claims and state law does not clearly require a finding of default."  Id. at 989.

[15]  Reliance on the same constitutional provision is not sufficient: both the legal theory and factual predicate must also be the same with regard to each particular claim.  See Picard, 404 U.S. at 277.  "The rationale of the 'substantial equivalent' requirement is self-evident in light of the standard of review applicable to federal habeas actions: habeas relief focuses on whether the state court's adjudication of the petitioner claim

Finally, and paramount here, the claims Petitioner may raise before this Court – and had to exhaust in the state forum – must be *federal* claims, not claims based on *state* law or on the Parole Board/state courts' misapplication of *state* law. See Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("errors of state law cannot be repackaged as federal errors"). For instance, the violation of a right created by state evidentiary law is not itself cognizable as a basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))); Ross v. Dist. Attorney of the Cnty. of Allegheny, 672 F.3d 198, 207 n. 5 (3d Cir. 2012) (citing Estelle, 502 U.S. at 62). Here, Petitioner's submissions rely on state law and, essentially, assert an evidentiary error by the Parole Board (committed in 2002 and/or repeated between 2002 and 2007). If

---

"resulted . . . or involved an unreasonable application of . . . Supreme Court precedent." Salas v. Warren, 2013 U.S. Dist. LEXIS 59728, at *13, n.3 (D.N.J. Apr. 25, 2013) (quoting 28 U.S.C. § 2254(d)). "If the legal theory and/or the factual predicate of each claim presented to the state courts differed from the legal theory and factual predicate of the claim presented for federal habeas review, the federal court has no basis to conclude that the state courts unreasonably applied the governing Supreme Court precedent, because each Supreme Court precedent (and any legal precedent) is composed of a particular factual predicate and a particular rule of law, and so this precedent can only be applied to substantially same set of circumstances and legal challenges." Id.

these statements correctly reflect Petitioner's challenges, such challenges fall outside the scope of federal habeas review, since they are state claims (that is, in addition to being challenges attacking long-superceded denial-of-parole orders that cannot satisfy the "in-custody" requirement).

Hence, while Petitioner's filings have been as numerous, this Court is left without an understanding as to what Petitioner's *federal* claims attacking his currently-operable denial-of-parole order are, whether those claims were duly exhausted in the state forum and if these claims are timely. Correspondingly, both Petitioner's motions to amend will be construed as his amended petitions and dismissed for failure to assert a constitutional violation or a claim over which this Court has jurisdiction.

However, out of an abundance of caution, this Court will allow Petitioner one more chance to state his § 2254 habeas challenges to his currently-operable denial-of-parole order with the requisite degree of specificity.  "Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland</u>, 512 U.S. at 856.[16]

─────────────────────

[16]   Thus, Petitioner shall file a document titled "Amended § 2254 Petition," stating, clearly and concisely: (a) when his currently-operable denial-of-parole order was issued; (b) whether Petitioner challenged *that* order before the Appellate Division and the Supreme Court of New Jersey, and when the state courts rulings were entered; (c) which federal claims Petitioner raised

IT IS, therefore, on this **24th** day of **July 2014**,

ORDERED that Petitioner's amended pleadings, Docket Entries Nos. 5 and 12, are dismissed; and it is further

ORDERED that Petitioner's application to proceed in this matter in forma pauperis, Docket Entry No. 4, is granted; and it is further

ORDERED that Petitioner's applications, Docket Entries Nos. 3, 5, 6, 7, 8, 9, 13 and 14, are denied; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED," subject to reopening in the event Petitioner files a timely and duly executed amended § 2254 petition, see Papotto v. Hartford Life & Accident Ins. Co., 731

---

before the state courts, and what factual predicate he asserted in support of each of those claims; (d) which of these federal claims Petitioner wishes to raise for the purposes of this Court's habeas review; and (e) what is the basis of Petitioner's position that the state courts' determinations denying him relief as to those claims were unreasonable applications of the United States Supreme Court precedent. While this Court is mindful of Petitioner's sense of urgency, this Court's Article III mandate limits its jurisdiction only to resolution of not-mooted cases or controversies. Therefore, this Court encourages Petitioner to draft a thoughtful amended petition, free of irrelevant matters, reflections on the events unrelated to his current challenges and expressions of Petitioner's bald conclusions. "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary." In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is further

    **ORDERED** that this Court retains its jurisdiction over this matter for the period of 150 days; and it is further

    **ORDERED** that, within sixty days from the date of entry of this Memorandum Opinion and Order, Petitioner may, if he so desires, file his amended petition in this matter, provided that such amended petition is executed in accordance with the guidance provided to Petitioner herein; and it is further

    **ORDERED** that Petitioner's future filings, if they are other than his amended petition executed in accordance with the guidance provided to Petitioner herein, might be stricken from the docket, as filed in violation of the terms of this Memorandum Opinion and Order, in the event such measure is appropriate; and it is finally

    **ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested.

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **United States District Judge**